**STIMULANT PRODUCTS, INC., a California corporation, Plaintiff-Counterdefendant,**

v.

**VIBREX CORPORATION, a California corporation; Vibrex Corporation, a California corporation doing business as Vicon Sales Company; and John H. Tavel, Defendants-Counterclaimants.**

No. 68–584.

United States District Court
C. D. California.
March 17, 1969.

Max Fink, Beverly Hills, Cal., Whann & McManigal, R. Welton Whann, Robert M. McManigal, Welton B. Whann, Los Angeles, Cal., for plaintiff-counterdefendant.

Robert C. Comstock, Los Angeles, Cal., for defendants-counterclaimants.

## MEMORANDUM OPINION

CURTIS, District Judge.

In this action for declaratory relief the plaintiff, Stimulant Products, Inc., seeks an order declaring invalid and not infringed Patent No. 3,375,381 belonging to the defendants, Vibrex Corporation and John H. Tavel. In addition to filing their answers, the defendants counterclaim (1) seeking to have this patent held valid and infringed, (2) seeking to have their Design Patent No. Des. 210,-922 to be held valid and infringed, (3) seeking damages for unfair competition. There is now pending before this court plaintiff's motion for summary judgment on all issues raised by the defendants' counterclaims.

With respect to the validity of both of defendants' patents, there remain genuine issues of material fact to be resolved, so that plaintiff's motion for summary judgment upon these issues is denied.

With respect to the issue of infringement of Patent No. 3,375,381, however, no genuine issue of material fact remains to be resolved as it appears as a matter of law from the undisputed facts in the record that plaintiff's device does not in fact infringe defendants' patent as the claims thereof are limited by file wrapper estoppel.

With respect to infringement of the Design Patent No. Des. 210,922, there appears to be no genuine issue of material fact remaining to be litigated as it appears as a matter of law from undisputed facts in the record that the plaintiff's vibrator in using corrugations in the body and cap differs from and is not included in "grooves" as claimed in the patent when construed in the light of the file wrapper and Patent Office proceedings.

Since defendants' claim of unfair competition is grounded upon infringement and since no infringement has occurred, there appears to be no genuine issue of material fact remaining on this issue and the plaintiff is entitled to summary judgment against the defendant on the third counterclaim.

It is, therefore, ordered that plaintiff is entitled to summary judgment upon defendants' first and second counterclaims upon the issue of infringement and plaintiff is further entitled to summary judgment upon defendants' third counterclaim, and

It is further ordered that the issue of the validity of both patents will be reserved for trial.

It is further ordered that plaintiff's attorneys shall prepare an appropriate order.